# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**MELVIN WOODARD,**

      **Plaintiff,**

**vs.**                         **Case No.  4:20cv302-MW-MAF**

**LPN GAYLORD,**

      **Defendant.**

_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff initiated this case on June 8, 2020, by submitting a civil rights complaint, ECF No. 1, pursuant to 42 U.S.C. § 1983.  Although Plaintiff did not file a motion requesting leave to proceed in forma pauperis, he did submit a copy of his inmate Trust Fund Account Statement, ECF No. 2, which reveals Plaintiff lacks the resources to pay the filing fee for this case.  Even so, Plaintiff must file a proper in forma pauperis motion if he desires to proceed with his case.

Notwithstanding that deficiency, a cursory review has been made of Plaintiff's complaint, ECF No. 1.  Plaintiff is suing a nurse at Columbia Correctional Institution where Plaintiff is incarcerated.  The event about

which Plaintiff complains necessarily occurred at that institution which is in

Lake City, Florida, and, as the institutional name implies, is within Columbia

County.  Columbia County is not within the territorial jurisdiction of this

Court; it is within the Middle District of Florida.

The venue statute provides that a civil action may be brought in "a

judicial district in which any defendant resides, if all defendants are

residents of the State in which the district is located" or in "a judicial district

in which a substantial part of the events or omissions giving rise to the

claim occurred . . . ."  28 U.S.C. § 1391(b)(1),(2).  Plaintiff's complaint has

been filed in the wrong district.  Venue appears to be appropriate in the

Middle District of Florida because the Defendant is there and Plaintiff's

claim arose there as well.  The proper forum for this action pursuant to 28

U.S.C. § 89(b) and § 1391(b) is in the United States District Court for the

Middle District of Florida, Jacksonville Division.

When a case is filed in the wrong division or district, the venue

statute provides that the district court "shall dismiss, or if it be in the interest

of justice, transfer such case to any district or division in which it could

have been brought."  28 U.S.C. § 1406(a).  A court may raise the issue of

defective venue sua sponte, but should not dismiss an improperly filed

case for lack of venue without giving the parties an opportunity to respond. Kapordelis v. Danzig, 387 F. App'x 905, 906 (11th Cir. 2010); Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988). Justice is better served by transferring this case to the appropriate forum rather than dismissing it.   There is no need for a hearing prior to directing transfer.

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1406(a), it is respectfully **RECOMMENDED** that this case be transferred to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on June 12, 2020.

 S/     Martin A. Fitzpatrick                        
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**