UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MELVIN WOODARD,

        Plaintiff,

v.                                      Case No. 3:20-cv-775-J-39MCR

NURSE GAYLORD,

        Defendant.
_____

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

    Plaintiff, Melvin Woodard, an inmate of the Florida penal system, proceeding pro se, initiated this action in the United States District Court for the Northern District of Florida by filing a civil rights complaint (Doc. 1; Compl.) against one individual—a nurse at Columbia Correctional Institution-Annex (CCI). The Northern District transferred the action to this Court because Plaintiff complains about conduct that occurred at CCI, which is in this district. See Orders (Docs. 4, 5). Plaintiff has since filed an unsigned amended complaint (Doc. 9)[1] and a motion to proceed as a pauper (Doc. 10).

    In his complaint, Plaintiff asserts Nurse Gaylord said out loud in front of other staff and inmates that he (Plaintiff) was a child molester. See Compl. at 5. Plaintiff says Nurse Gaylord's

---

[1] Because the amended pleading is unsigned, it is due to be stricken.

"[un]professional behavior" violated his confidentiality and subjects him to "constant gossip and ridicule," which he contends amounts to an Eighth Amendment violation.[2] Id. at 6-7. Plaintiff also says he is now a target of violence, though he does not allege having been physically victimized, nor does he assert having sustained physical injury. Id.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

---

[2] In a different complaint against a different nurse, Plaintiff made similar allegations. See Case No. 3:20-cv-793-J-34MCR (Doc. 1). In the other case, which the Court dismissed for Plaintiff's failure to state a claim, Plaintiff alleged Nurse Wilson yelled in his dormitory that Plaintiff was a child molester, subjecting him to gossip and victimization. See Dismissal Order (Doc. 9), Case No. 3:20-cv-793-J-34MCR. Plaintiff mentioned Nurse Gaylord in the prior complaint, saying he was "gossip[ing]" with other staff members about Plaintiff's conviction, though Plaintiff did not name Nurse Gaylord as a Defendant in that case.

relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

A court must liberally construe a pro se plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff's complaint is subject to dismissal under the PLRA because, even under a liberal construction, he fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a

3

deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original). To state a violation of the Eighth Amendment, a prisoner must allege the defendant was deliberately indifferent to conditions that were "sufficiently serious." Chandler v. Crosby, 379 F.3d 1278, 1288 (11th Cir. 2004). Conditions of confinement are sufficiently serious under the Eighth Amendment only if they are so extreme that they expose the prisoner to "an unreasonable risk of serious damage to his future health or safety." Id. at 1289.

Allegations of merely harsh conditions do not state a claim under the Eighth Amendment. Id. Nor do allegations of verbal abuse or threats if unaccompanied by physical force. See Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008) ("[V]erbal abuse alone is insufficient to state a constitutional claim.").

Plaintiff fails to state an Eighth Amendment violation because he does not describe conduct that permits the reasonable inference Nurse Gaylord was deliberately indifferent to Plaintiff's health or safety. At most, Plaintiff describes unkind behavior or a lapse in professional judgment. Such conduct, however inadvisable, does not expose Nurse Gaylord to liability under § 1983. Accepting Plaintiff's allegations as true, Nurse Gaylord's conduct can be described as verbal abuse or taunting, but not deliberate indifference.

Even if Nurse Gaylord violated a provision of the Florida Administrative Code by disclosing the nature of Plaintiff's conviction, such conduct, standing alone, is not a constitutional violation and thus is not actionable under § 1983. See, e.g., Knight v. Jacobson, 300 F.3d 1272, 1276 (11th Cir. 2002) ("While the violation of state law may (or may not) give rise to a state tort claim, it is not enough by itself to support a claim under section 1983.").

Additionally, Plaintiff alleges suffering only emotional trauma and depression. See Compl. at 6. As such, his claim is foreclosed under the PLRA. See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act.").

Accordingly, it is now

**ORDERED**:

1. Plaintiff's unsigned amended complaint (Doc. 9) is **stricken**.

2. This case is **DISMISSED without prejudice** under 28 U.S.C. § 1915(e)(2)(B).[3]

---

[3] Plaintiff is advised a dismissal under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim constitutes a "strike" under the PLRA. See 28 U.S.C. § 1915(g).

5

3.  The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of September 2020.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Melvin Woodard